UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN KATULA<br><br>    Plaintiff<br><br>v.<br><br>OFFICER VINAL THOMPSON, UNKNOWN OFFICERS, UNKNOWN SUPERVISOR, CUMBERLAND COUNTY SHERIFF KEVIN J. JOYCE and CUMBERLAND COUNTY<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)  **Docket No. 2:20-cv-**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff in the above-entitled matter and states as follows:

### Nature of Action

This is a case of police brutality arising out of an incident on July 7, 2020 in which Cumberland County Jail ("CCJ") Corrections Officer ("CO") Vinal Thompson and other CCJ Corrections Officers - whose identities are presently unknown - used wildly excessive force against Mr. Katula, a pre-trial detainee. CO Thompson viciously assaulted Mr, Katula, while one or more other COs subdued him, without provocation or justification, resulting in a badly broken nose requiring surgery and leaving permanent injuries, as well as other injuries

### Parties

1. Plaintiff John Katula ("Katula") was a resident of Brunswick, Maine at all relevant times.
2. Defendant Vinal Thompson was a Cumberland County Jail Corrections Officer as of July 7, 2020.

1

3. Defendant Unknown Officers were Cumberland County Jail Corrections Officers on July 7, 2020.

4. Defendant Unknown Supervisor is, on information and belief, an employee of Cumberland County Jail, part of Cumberland County, and was so at all relevant times.

5. Defendant Kevin J. Joyce ("Joyce") was the acting Cumberland County Sheriff during all relevant times.

6. Defendant County of Cumberland is a county in the State of Maine.

## Subject Matter Jurisdiction

7. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, 8th, and Fourteenth Amendments to the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

8. This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

9. This Honorable Court may exercise pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## Personal Jurisdiction

10. This Honorable Court wields jurisdiction over each of the Defendants named herein pursuant to 14 M.R.S.A. §704-A in that each of the Defendants is domiciled in the State of Maine.

## Venue

11. Venue is properly laid before this Honorable Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all of the acts complained of occurred in the southern half of the State of Maine.

## Common Nucleus of Operative Fact

12. On July 7, 2020, Mr. Katula was a pre-trial detainee at Cumberland County Jail ("CCJ").

13. On July 7, 2020, Mr. Katula had not been convicted of a crime, but had merely been charged and was awaiting trial.

14. At some point in the morning, Defendant Thompson demanded that Mr. Katula undergo a urine test.

15. Mr. Katula attempted to cooperate but had some difficulty producing urine.

16. Defendant Thompson humiliated Mr. Katula by calling Mr. Katula names such as "drug addict" in front of several other inmates and Correction Officers.

17. Defendant Thompson tried to upset Mr. Katula, tried to cause him to act out.

18. Mr. Katula did not lash out or otherwise threaten Defendant Thompson.

19. Defendant Thompson ordered Mr. Katula to comply with being hand-cuffed.

20. Mr. Katula extended his hands to be handcuffed.

21. Defendant Thompson and another unnamed Corrections Officer(s) pinned Mr. Katula's arms to his sides.

22. Mr. Katula was subdued.

23. At this point, while Mr. Katula was subdued, Defendant Thompson viciously attacked Mr. Katula, landing several forceful blows on his face.

24. Defendant Thompson also tackled Mr. Katula.

25. Mr. Katula lost consciousness.

26. Mr. Katula sustained a severely broken nose.

27. Mr. Katula sustained other injuries to his right shoulder and knee.

28. Mr. Katula required surgery to repair his severely broken nose.

29. Mr. Katula suffered significant pain, emotional distress and suffering.

30. Mr. Katula suffered permanent injuries from Defendant Thompson's vicious attack.

31. On information and belief this entire incident was captured on video now in the possession of the Defendants.

32. Despite several requests, Defendants have not provided a copy of this video to Mr. Katula.

33. No criminal charges were pursued by CCJ against Mr. Katula as a result of the July 7, 2020 incident.

34. Mr. Katula was not charged with any violation of jail rules by CCJ as a result of the July 7, 2020 incident.

35. Mr. Katula filed a Notice of Claim on or about July 15, 2020 and again, on October 15, 2020 because, presumably due to COVID-19, the first attempt was not accepted.

36. Mr. Katula demands a trial by jury.

## Count I: 42 U.S.C. §1983 Violation v. Officers Defendant Thompson, and Unknown Officers

37. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

38. As indicated above, Defendant Thompson and Unknown Officers, under color of state law, subjected Mr. Katula to a deprivation of his constitutional rights, specifically his clearly established rights to (1) be free from unreasonable searches and seizures, (2) bodily integrity, (3) be free of the use of unreasonable force, (4) be free of deliberately indifferent conduct likely to cause severe harm, (5) be free of conscious-shocking conduct likely to cause severe harm, and (6) substantive and procedural due process, protected by the United States Constitution and State and Federal Law.

39. Defendants' actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Katula.

WHEREFORE, Mr. Katula requests that this Honorable Court (1) enter judgment for Plaintiff in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Katula punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count II: 42 U.S.C. §1983 Supervisory Violation v. Unknown Supervisor Defendant and Defendant Joyce

40. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

41. Upon information and belief, Defendant Supervisor_____ took no reasonable steps to protect Mr. Katula's constitutional rights from being violated by Defendant Thompson and others.

42. Upon information and belief, Defendant Thompson has been involved in other incidents that have led to complaints being lodged about his excessive use of force and/or inappropriate and/or unlawful or unconstitutional conduct.

43. Upon information and belief, Defendant Thompson has been disciplined or should have been disciplined numerous times for his excessive use of force and/or inappropriate conduct.

44. Upon information and belief, Defendant Supervisor_____ and Defendant Joyce knew or should have known that Defendant Thompson had a reputation for violent and/or inappropriate/unlawful conduct.

45. Upon information and belief, Defendant Supervisor_____ and Defendant Joyce did not take reasonable steps to supervise or discipline Defendant Thompson or to minimize the risk of harm that Defendant Thompson presented to the CCJ prisoners.

46. Upon information and belief, any reasonably well-trained supervisor would have recognized that Defendant Thompson, if not properly disciplined and supervised, would cause harm to the CCJ prisoners.

47. Defendant Supervisor _____'s and Defendant Joyce's conduct or inaction in supervising and/or disciplining the Defendant Thompson amounts to either deliberate, reckless or callous indifference to the constitutional rights of others, including Mr. Katula.

48. On information and belief, Defendant Supervisor_____ and Defendant Joyce failed to properly train Officer Thompson and others with regard to the appropriate use of force against CCJ inmates.

49. An affirmative link exists between the street level constitutional violations perpetrated by Defendant Thompson and Defendant Supervisor _____'s and Defendant Joyce's failure to a) properly supervise and/or discipline Officer Thompson and/or b) promulgate appropriate policies regarding dealing with CCJ prisoners, and the use of force and c) train his officers, including Officer Thompson, on dealing with prisoners.

50. Defendant Supervisor _____'s and Defendant Joyce actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Katula.

WHEREFORE, Plaintiff Katula requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Katula punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

## Count III: 42 U.S.C. §1983 Municipal Violation v. Cumberland County

51. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

52. The customs or policies of the County of Cumberland comprise the cause of and the moving force behind the constitutional violations chronicled in this Complaint.

53. At all relevant times, Defendant Joyce was acting Sheriff of Cumberland.

54. At all relevant times Defendant Joyce was a policymaker within the Cumberland County hierarchy.

55. At all relevant times, on information and belief, Defendant Joyce, as a policymaker for Cumberland County, adopted a custom or policy of abdicating any appropriate level of supervision and/or discipline of Defendant Thompson.

56. At all relevant times, on information and belief, Defendant Joyce, as a policymaker for Cumberland County, adopted a custom or policy of permitting his officers to use excessive force against the prisoners in Cumberland County Jail.

57. This *laissez faire* approach to the use of force by his officers amounts to an unconstitutional custom or policy.

58. It was or should have been eminently foreseeable to Defendant Joyce that allowing his officers to use force under circumstances which did not require that level of force would inevitably result in the violation of citizens' civil rights, as happened in the instant case.

59. Defendant Cumberland County's actions displayed a reckless or callous disregard of, or indifference to, the rights of Mr. Katula.

WHEREFORE, Plaintiff. Mr. Katula requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has

sustained, (2) award Mr. Katula attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

### Count IV: Assault v. Defendant Thompson and other Unnamed Officers

60. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

61. The actions taken by Defendant Thompson and other officers on July 7, 2020 comprise an unreasonable use of force against Mr. Katula, an unjustified assault.

62. The assaultive behavior was taken in bad faith.

63. The assaultive behavior was malicious or impliedly malicious.

WHEREFORE, Plaintiff Mr. Katula requests that this Honorable Court (1) enter Plaintiff judgment in an amount that fully and completely compensates him for the injuries he has sustained, (2) award Mr. Katula punitive damages, attorney's fees and costs, and (3) award such other and further relief as this Honorable Court deems just and proper.

Dated: 10/19/2020

/s/ Michael J. Waxman
1006 Forest Ave
Portland, Maine 04103
(207) 772-9558